IAN T. BARKER,          )
    Petitioner,      )
                     )
     v.              )          <u>ORDER</u>
                     )
UNITED STATES OF AMERICA,  )
    Defendant.       )
_____)

**THIS MATTER** comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed December 10, 2008 (Doc. No. 1); and Respondent's <u>de facto</u> motion for summary judgment, filed June 5, 2009 (Doc. No. 4).

The Court has carefully reviewed the foregoing documents and has concluded that Respondent may be entitled to a judgment as a matter of law.

**PETITIONER BARKER, PLEASE READ THIS CAREFULLY:**

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding <u>pro se</u>, of the heavy burden that she carries in responding to Respondent's Motion. Indeed, the Federal Rules of Civil Procedure provide:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its

> response must – by affidavits or as otherwise provided
> in this rule – set out specific facts showing a genuine
> issue for trial.  If the opposing party does not so
> respond, summary judgment should, if appropriate, be
> entered against that party.

Fed. R. Civ. P. 56(e)(2) (2008).  This language means that if

Petitioner has any evidence to offer to show that there is a

genuine issue for trial, he must now present it to this Court in

a form which would otherwise be admissible at trial, that is, in

the form of affidavits or unsworn declarations.  An affidavit is

a written statement sworn before a notary public, and "must be

made on personal knowledge, set out facts that would be admissi-

ble in evidence, and show that the affiant is competent to testi-

fy on the matters stated."  Fed. R. Civ. P. 56(e)(1).  An unsworn

statement, made and signed under the penalty of perjury, also may

be submitted.

 Affidavits or unsworn statements must be presented by

Petitioner to this Court within thirty (30) days of the entry of

this Order.  <u>As stated by Rule 56(e)(2), Petitioner's failure to</u>

<u>respond may result in granting Respondent's Motion for Summary</u>

<u>Judgment, that is, in the dismissal of this Motion to Vacate with</u>

<u>prejudice</u>.

**IT IS, THEREFORE, ORDERED** that Petitioner has thirty (30)

days from the entry of this Order to file his response, including

any evidence, to Respondent's Motion for Summary Judgment.

The Clerk is directed to send copies of this Order to the

parties.

**SO ORDERED.**

Signed: August 24, 2010

Frank D. Whitney
United States District Judge